In re CINQUE.

(District Court, E. D. New York. May 22, 1901.)

GUARANTY—LIABILITY.

A person guarantied the payment of all goods purchased by a certain firm for a certain amount. The following month the firm dissolved, without notice to the guarantor or to the party whose claim was guarantied, and thereafter the continuing partner purchased goods in the name of the former firm, and bills were rendered to it. *Held*, that the firm was not dissolved as regards the vendor, and the guarantor cannot escape liability on his contract by pleading a secret understanding between the individual partners, by which all liability was transferred to the one partner continuing in the business.

Goepel & Wahle, for creditors.

Gifford, Stearns & Hobbs (Charles A. Winter, of counsel), for bankrupt.

THOMAS, District Judge. On February 8, 1897, the bankrupt guarantied to P. Gargiulo & Bro. the payment of all goods purchased by the firm of Montuori & D'Albora, up to and including the sum of $500. During the following month the firm of Montuori & D'Albora was dissolved, without notice to the guarantor, or to P. Gargiulo & Bro., and thereafter D'Albora continued business under the former firm name, and made purchases in the name of such firm of P. Gargiulo & Bro. The vendors supposed that the goods were sold to the firm, and rendered bills accordingly. There was no fact that gave the vendors notice of any change in conditions. In default of payment by the vendees, the claim was presented against the estate of the bankrupt, the guarantor. It is urged that the guaranty is limited to goods purchased at the time it was made. This contention may not be supported. The more serious question relates to the contention that the guaranty expired upon the dissolution of the partnership. The partnership continued, as regards P. Gargiulo & Bro., until notice of the dissolution was given to the firm. Rolling-Mill Co. v. Harris, 124 N. Y. 280, 26 N. E. 541. As regards the vendors, the business was continued after the dissolution precisely as before, the firm was apparently conducting the business, the goods were bought in the name of the firm, and the bills were rendered to it. Under such circumstances, it was not the duty of the vendors to make investigation of some secret arrangement by which dissolution had been effected; nor did they sell the goods apparently to the firm at the peril of looking for payment to one of the partners who had succeeded to the business, but who was carrying it on with all the appearances observed by the firm. The firm was not dissolved as re-

gards the vendors, but its obligation to them, and their rights concerning it and the individuals composing it, were precisely the same as before the dissolution. Therefore it is difficult to conceive that the guarantor can escape his contract by pleading what is tantamount to a secret understanding between the individual partners, by which all liability as regards future dealings was transferred from both partners to one partner. This conclusion is not in accord with Burch v. De Rivera, 53 Hun, 367, 6 N. Y. Supp. 206, but it has the support of Judge Story in Cremer v. Higginson, 1 Mason, 323, 337, Fed. Cas. No. 3,383. The partners are liable because the creditors had a right to regard the firm as in existence, and to consider that they were making a sale to such firm. It was precisely such a sale the contract of guaranty justified. This holding requires that the conclusion of the referee should be reversed, and that the claim should be admitted.